**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

SERGII SERHIYOVYCH SELIVANOV,
AKA Sergey Selivanov, AKA Sergii
Sergeyevich Selivanov,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   17-71117

Agency No. A206-852-419

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 17, 2019[**]
Seattle, Washington

Before:  HAWKINS and W. FLETCHER, Circuit Judges, and BURY,[***] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable David C. Bury, United States District Judge for the
District of Arizona, sitting by designation.

Sergii Selivanov ("Selivanov"), a native and citizen of Ukraine, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an Immigration Judge's decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252(a)(1) and deny his petition.[1]

Selivanov is not entitled to asylum on the basis of past persecution. *See* 8 C.F.R. § 1208.13(b)(1). The incidents of physical and verbal harassment Selivanov suffered because of his mixed Russian-Ukrainian heritage do not compel a finding of past persecution. *See Halim v. Holder*, 590 F.3d 971, 973, 975–76 (9th Cir. 2009).

Nor is Selivanov entitled to asylum on the basis of a well-founded fear that he will be persecuted because of his Russian heritage, support of the Party of Regions, or adherence to Evangelical Christianity. *See* 8 C.F.R. § 1208.13(b)(2). Selivanov's evidence does not compel the conclusion that the allegedly disfavored groups to which he belongs are systematically persecuted, or that he will be singled out for persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (citing 8 C.F.R. § 1208.13(b)(2)(iii)). Because Selivanov does not satisfy the standard for asylum, he cannot meet the "more stringent" standard for withholding of removal, either. *Ochave v. I.N.S.*, 254 F.3d 859, 868 (9th Cir. 2001).

---

[1] Petitioner's Motion to Take Judicial Notice (Dkt. #12) is denied as moot.

Nor is Selivanov entitled to relief under the Convention Against Torture. He presented no evidence compelling the conclusion that he is more likely than not to be tortured should he return to Ukraine, let alone by or with the acquiescence of Ukrainian officials. *See* 8 C.F.R. § 208.18(a)(1); *Zheng v. Ashcroft*, 332 F.3d 1186, 1194 (9th Cir. 2003).

Finally, we reject Selivanov's claim that the Immigration Judge's alleged bias against Ukrainian asylum-seekers denied him due process.

**PETITION DENIED.**